UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SOUTHWESTERN BELL TELEPHONE L.P., )
d/b/a SBC Missouri, )
)
              Plaintiff, )
)
     v. )    No.  4:05CV680 FRB
)
PATRICIA KRAKOWSKI, )
)
              Defendant. )

**ORDER**

Presently pending before the Court is defendant Patricia Krakowski's Rule 11 Motion for Sanctions (filed June 20, 2005/ Docket No. 5). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Southwestern Bell Telephone L.P. (SBC) brings this cause of action alleging that defendant Patricia Krakowski's negligence in the operation of her motor vehicle caused or contributed to cause another motor vehicle to collide with certain property of SBC, thereby causing SBC damage. Plaintiff invokes this Court's diversity jurisdiction inasmuch the complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. Defendant now seeks the imposition of sanctions under Rule 11(b)(3) and (c), Federal Rules of Civil Procedure, arguing that the claims raised in plaintiff's Complaint lack evidentiary

support. Plaintiff has responded to the motion to which defendant has replied. For the following reasons, defendant's motion should be denied.

Under Fed. R. Civ. P. 11(b)(3), an attorney's presentment of a pleading to the Court certifies to the Court that, to the best of that attorney's knowledge, information and belief, "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Where it is determined that Rule 11(b)(3) has been violated, it is within the discretion of the Court to impose sanctions for such violation. Fed. R. Civ. P. 11(c). The imposition of sanctions, however, is "a serious matter and should be approached with circumspection." Lupo v. R. Rowland & Co., 857 F.2d 482, 485 (8th Cir. 1988) (internal quotation marks and citation omitted).

The events giving rise to this cause of action involve a motor vehicle accident whereby a third party vehicle struck defendant Krakowski's vehicle, careened off the road and thereafter struck a remote terminal box owned and operated by plaintiff SBC. In its Complaint, plaintiff contends that defendant Krakowski caused or contributed to cause its damages in that defendant's negligence resulted in the third party vehicle striking her vehicle which ultimately resulted in the third party vehicle striking the

remote terminal box.  Plaintiff specifically contends that defendant Krakowski failed to keep a careful lookout; drove at an excessive rate of speed; drove at an excessive rate of speed for the weather and/or road conditions; drove at a rate of speed that made it impossible for her to stop within the range of her visibility; failed to operate her vehicle in a safe manner; failed to operate her vehicle with the highest degree of care; and/or failed to stop, slacken her speed, swerve, sound a warning, and/or make a proper attempt to avoid the collision with the third party vehicle.  The claims as alleged in plaintiff's Complaint state a cause of action under Missouri law, e.g., McHaffie by and through McHaffie v. Bunch, 891 S.W.2d 822 (Mo. 1995); Williams v. M.C. Slater, Inc., 590 S.W.2d 357 (Mo. Ct. App. 1979), and the evidence submitted in support of defendant's motion shows there to be an evidentiary basis upon which to find the third party vehicle to have struck the remote terminal box as a result of its collision with defendant's vehicle. (Deft.'s Rule 11 Mot., Exh. 1.) Whether and to what extent defendant was negligent in her operation of her motor vehicle, and whether and to what extent such negligence, if any, caused plaintiff damage are matters best left to be determined by a jury, or by the Court on a motion for summary judgment, if appropriate. McHaffie, 891 S.W.2d at 828; see also e.g., Miller v. St. Louis Pub. Serv. Co., 389 S.W.2d 769 (Mo. 1965); Woosley v. State Auto Mut. Ins. Co., 600 S.W.2d 210 (Mo. Ct. App. 1980).

On the evidence and information before the Court, it cannot be said that the allegations and factual contentions in plaintiff's Complaint lack any evidentiary support. As such, it cannot be said that the submission of plaintiff's Complaint was a derogation of counsel's responsibility under Fed. R. Civ. P. 11(b)(3). Cf. Chandler v. Norwest Bank Minn., Nat'l Ass'n, 137 F.3d 1053, 1057 (8th Cir. 1998) (Rule 11 sanctions properly imposed where plaintiffs failed "to produce even a scintilla of evidence that [defendant] Norwest was involved" in challenged action). Defendant's request for sanctions under Fed. R. Civ. P. 11(c) should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Patricia Krakowski's Rule 11 Motion for Sanctions (Docket No. 5) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  *8th*  day of July, 2005.